PD-1060&1061&1062&1063-15

PD-1060_1063-15
COURT OF CRIMINAL APPEALS
AUSTIN, TEXAS
Transmitted 8/17/2015 3:30:59 PM
Accepted 8/18/2015 11:13:09 AM
ABEL ACOSTA
CLERK

# THE COURT OF CRIMINAL APPEALS OF TEXAS

ERIK WHITE,
    APPELLANT

§
§
§

v.

§    No. _____

§
§

THE STATE OF TEXAS,
    APPELLEE

§
§

APPELLANT'S PETITION FOR DISCRETIONARY REVIEW OF THE DECISION OF THE COURT OF APPEALS FOR THE SECOND DISTRICT OF TEXAS IN CAUSE NUMBERS 02-14-00320-CR, 02-14-00321-CR, 02-14-00322-CR AND 02-14-00323-CR AFFIRMING THE DECISION IN CAUSE NUMBERS 1316391D, 1330277D, 1330414D AND 1331423D IN THE 371ST JUDICIAL DISTRICT COURT OF TARRANT COUNTY, TEXAS THE HONORABLE MOLLEE WESTFALL, PRESIDING.

### APPELLANT'S PETITION FOR DISCRETIONARY REVIEW

FILED IN
COURT OF CRIMINAL APPEALS

August 18, 2015

ABEL ACOSTA, CLERK

Barry J. Alford
State Bar No. 00783534
1319 Ballinger Street
Ft. Worth, Texas 76102
Telephone: (817) 335-5229
Facsimile: (817) 335-4944
E-mail: barryalford13@gmail.com

Attorney for Appellant

# IDENTITY OF PARTIES AND COUNSEL

1.  Mr. Erik White, Defendant in the trial court, Appellant in this appeal, TDC #01948718, 3899 Highway 98, Barry B. Telford Unit, New Boston, Texas 75570.

2.  Hon. Mollee Westfall, presiding Judge in the trial court, 371st Judicial District Court of Tarrant County, Texas, 401 West Belknap Street, Fort Worth, Texas 76196.

3.  Hon. Christy Jack, Hon. Kelly Loftus and Hon. Katie A. Woods, Assistant Criminal District Attorneys, Counsel for the State in the trial court, 401 West Belknap Street, Fort Worth, Texas 76196.

4.  Hon. David L. Richards, Counsel for Appellant at trial, 3001 W. 5th Street, Suite 800, Fort Worth, Texas 76107.

5.  Hon. Barry Alford, Counsel for the Appellant on appeal, 1319 Ballinger Street, Fort Worth, Texas 76102.

6.  Hon. Debra Windsor, Assistant Criminal District Attorney, Counsel for the State on appeal, 401 West Belknap Street, Fort Worth, Texas 76196.

i

# TABLE OF CONTENTS

IDENTITY OF PARTIES AND COUNSEL ............................................................. i

TABLE OF CONTENTS ................................................................................... ii

INDEX OF AUTHORITIES .............................................................................. iii

STATEMENT REGARDING ORAL ARGUMENT ............................................ iv

STATEMENT OF THE CASE ............................................................................. 1

STATEMENT OF THE PROCEDURAL HISTORY ............................................ 2

QUESTION PRESENTED FOR REVIEW .......................................................... 4

I. DID THE COURT OF APPEALS PROPERLY DETERMINE THAT APPELLANT'S TRIAL COUNSEL WAS NOT INEFFECTIVE BY FAILING TO REQUEST THAT THE TRIALS OF THE CO DEFENDANTS BE SEVERED AND THAT APPELLANT BE GIVEN A SEPARATE TRIAL PURSUANT TO TEX. CODE CRIM PROC. 36.09 AND WAS ALSO NOT INEFFECTIVE BY FAILING TO INQUIRE FURTHER AS TO THE TRIAL COURT'S RELATION TO A COMPLAINING WITNESS AND WHETHER THE TRIAL COURT JUDGE SHOULD BE RECUSED.

REASONS FOR REVIEW AND ARGUMENTS AND AUTHORITIES ............ 5

PRAYER FOR RELIEF ................................................................................... 15

CERTIFICATE OF SERVICE .......................................................................... 16

OPINION OF THE COURT OF APPEALS ...................................... EXHIBIT A

# INDEX OF AUTHORITIES

*Bone v. State,*
77 S.W.3d 828, 833 (Tex. Crim. App. 2002) .................................... 7, 8, 12, 13

*Garcia v. State,*
57 S.W.3d 436 (Tex. Crim. App. 2001) ........................................... 7, 12

*Goodspeed v. State,*
187 S.W.3d 390 (Tex. Crim. App. 2005) ........................... 6, 8, 9, 11, 13, 14

*Jaynes v. State,*
216 S.W.3d 839 (Tex. App. – Corpus Christi 2006, no pet.) .............. 8, 9, 13, 14

*McMann v. Richardson,*
397 U.S. 759, 90 S.Ct 1441, 25 L.Ed.2d 763 (1970) ........................ 7, 12

*Rylander v. State,*
101 S.W.3d 107 (Tex. Crim. App. 2003) ........................................ 7, 12

*Strickland v. Washington,*
466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984) .......... 6, 8, 9, 11, 13, 14

*Thompson v. State,*
9 S.W.3d 808 (Tex. Crim. App. 1999) .......................................... 7, 12

*Tong v. State,*
25 S.W.3d 707 (Tex. Crim. App. 1999) ......................................... 8, 13

## STATUTES, CODES, AND RULES

Tex. Code Crim. Proc. art. 36.09 ................................................... 5

Tex. Penal Code, § 29.03 ............................................................ 1

Tex. Penal Code § 30.02 (c) (2) .................................................... 1

Tex. R. App. Proc. 66.3(f) .......................................................... iv

U.S. Const. amend. VI ............................................................ 7, 12, 14

## STATEMENT REGARDING ORAL ARGUMENT

This case addresses important issues regarding whether the Court of Appeals has so far departed from the accepted and usual course of judicial proceedings as to call for an exercise of this Court's power of supervision. Tex. R. App. P., Rule 66.3(f). Appellant argues that the Court of Appeals erred by holding that they cannot infer ineffective assistance of counsel and that counsel's failure to object or request a severance was not so outrageous that no competent attorney would have engaged in it. Further, because the record does not offer an explanation for failing to seek a severance, the Court presumes that trial counsel made all significant decisions in the exercise of reasonable judgment. Also, they concluded that competent counsel could have reasonably credited and relied on the trial judge's representations that her association with the complaining witness was limited and that her sentencing decision would not be impacted by that association. Therefore, trial counsel's unexplained decision to not inquire further about the association was not so outrageous that no competent attorney would have made the same decision.

Because of these important issues, oral argument will greatly aid the Court and should be granted.

# THE COURT OF CRIMINAL APPEALS OF TEXAS

ERIK WHITE,
    APPELLANT

    v.

THE STATE OF TEXAS,
    APPELLEE

§
§
§
§
§
§
§
§

No. _____

## APPELLANT'S PETITION FOR DISCRETIONAR REVIEW

TO THE HONORABLE COURT OF CRIMINAL APPEALS:

Appellant, through counsel, files this Petition for Discretionary Review pursuant to Tex. R. App. P., Rules 66 and 68 on behalf of Appellant urging that this Court grant his relief on appeal from the judgment of the Court of Appeals in the Second District of Texas in cause numbers 02-14-00320-CR, 02-14-00321-CR, 02-14-00322-CR and 02-14-00323-CR from convictions obtained in the 371st Judicial District Court of Tarrant County, Texas.

## STATEMENT OF THE CASE

This case addresses whether Appellant is entitled to relief from his two convictions for Aggravated Robbery with a Deadly Weapon (Texas Penal Code § 29.03) and his two convictions for Burglary of a Habitation (Texas Penal Code § 30.02 (c) (2)). Specifically, Appellant contends that the Court of Appeals erred in finding that trial counsel was not ineffective in not seeking a severance in Appellant's trial from that of his co-defendant and, further, that trial counsel was not ineffective in not seeking to have the trial court judge recused based on her

relationship with one of the complaining witnesses against Appellant. It is for these reasons that Appellant seeks relief.

## STATEMENT OF PROCEDURAL HISTORY

Appellant was charged with two Burglary of a Habitation charges, alleged to have been committed on or about February 25, 2013 and two charges of Aggravated Robbery with a Deadly Weapon, alleged to have been committed on or about June 9, 2013 and June 11, 2013. Through counsel, Appellant entered a plea of guilty to all four charges and had the Court assess punishment. After hearing the punishment evidence, the Court found him guilty and sentenced him to twenty (20) years in the Institutional Division of the Texas Department of Criminal Justice on the two Burglary of a Habitation charges and life in the Institutional Division of the Texas Department of Criminal Justice on the two Aggravated Robbery with a Deadly Weapon charges.

Appellant filed timely notice of appeal on all four charges on or about August 14, 2014 and the cases were sent to the Court of Appeals for the Second District of Texas. These cases were submitted without oral argument on or about June 2, 2015. On or about July 30, 2015, the Court of Appeals affirmed the judgment of the trial court, holding that:

1. The Court of Appeals cannot infer ineffective assistance of counsel and that counsel's failure to object or request a severance was not so outrageous

2

that no competent attorney would have engaged in it. Further, because the record does not offer an explanation for failing to seek a severance, the Court presumes that trial counsel made all significant decisions in the exercise of reasonable judgment; and

2. The Court of Appeals concluded that competent counsel could have reasonably credited and relied on the trial judge's representations that her association with the complaining witness was limited and that her sentencing decision would not be impacted by that association. Therefore, trial counsel's unexplained decision to not inquire further about the association was not so outrageous that no competent attorney would have made the same decision.

3

## QUESTION PRESENTED FOR REVIEW

I.

DID THE COURT OF APPEALS PROPERLY DETERMINE THAT APPELLANT'S TRIAL COUNSEL WAS NOT INEFFECTIVE BY FAILING TO REQUEST THAT THE TRIALS OF THE CO DEFENDANTS BE SEVERED AND THAT APPELLANT BE GIVEN A SEPARATE TRIAL PURSUANT TO TEX. CODE CRIM PROC. 36.09 AND WAS ALSO NOT INEFFECTIVE BY FAILING TO INQUIRE FURTHER AS TO THE TRIAL COURT'S RELATION TO A COMPLAINING WITNESS AND WHETHER THE TRIAL COURT JUDGE SHOULD BE RECUSED?

## REASONS FOR REVIEW AND ARGUMENT AND AUTHORITIES

**DID THE COURT OF APPEALS PROPERLY DETERMINE THAT APPELLANT'S TRIAL COUNSEL WAS NOT INEFFECTIVE BY FAILING TO REQUEST THAT THE TRIALS OF THE CO DEFENDANTS BE SEVERED AND THAT APPELLANT BE GIVEN A SEPARATE TRIAL PURSUANT TO TEX. CODE CRIM PROC. 36.09 AND WAS ALSO NOT INEFFECTIVE BY FAILING TO INQUIRE FURTHER AS TO THE TRIAL COURT'S RELATION TO A COMPLAINING WITNESS AND WHETHER THE TRIAL COURT JUDGE SHOULD BE RECUSED?**

### a.      Failure to ask for severance of co-defendants

The Court of Appeals held that they cannot infer ineffective assistance of counsel and that counsel's failure to object or request a severance was not so outrageous that no competent attorney would have engaged in it. Further, because the record does not offer an explanation for failing to seek a severance, the Court presumes that trial counsel made all significant decisions in the exercise of reasonable judgment.

Appellant contends that his trial counsel was ineffective because counsel failed to request that the Court sever the punishment hearings of Appellant and his co-defendant. Two or more co-defendants who are jointly or separately indicted or complained against for the same offense or any offense growing out of same transaction may be, in the discretion of the Court, tried jointly or separately as to one or more defendants. Tex. Code Crim. Proc. art. 36.09. However, it is

5

incumbent upon trial counsel to request such a severance prior to trial in order to protect the rights of Appellant.

As a result, Appellant's trial counsel was constitutionally ineffective and, but for his trial counsel's actions, a reasonable probability existed that the result of the proceeding would have been different. To establish ineffective assistance of counsel, a defendant must show that: (1) his attorney's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for his attorney's error, the result of the proceeding would have been different. See *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *Strickland v. Washington*, 466 U.S. 668, 684, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

A claim of ineffective assistance of counsel must be "firmly founded in the record" and "the record must affirmatively demonstrate" the meritorious nature of the claim. *Goodspeed v. State*, 187 S.W.3d at 392. Direct appeal is usually an inadequate vehicle for raising such a claim because the record is generally underdeveloped. *Id.* This is true with regard to the question of deficient performance in which counsel's conduct is reviewed with great deference, without the distorting effects of hindsight where counsel's reasons for failing to do something do not appear in the record. *Id.*

6

Trial counsel should ordinarily be afforded with an opportunity to explain his actions before being denounced as ineffective. *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). Absent such an opportunity, an appellant court should not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

The Sixth Amendment to the United States Constitution guarantees the right to reasonably effective assistance of counsel in criminal prosecutions. U.S. Const. amend. VI; *McMann v. Richardson*, 397 U.S. 759, 777 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). The standard of proof necessary to establish an ineffective assistance of counsel claim is based upon a preponderance of the evidence. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). A review of the record indicates that Appellant's trial counsel's failure to inquire of potential jurors as to this crucial element of the offense fell below the standard as set forth in *Strickland*.

No matter the strength of weakness of the State's case or trial strategy, trial counsel's decision to fail to request severance of the two co-defendant's punishments hearings was devastating on a review of the record in this case.

As a result, the first prong of the *Strickland* test, under a preponderance of the evidence test has been met by a review of what appears "firmly within the record." *Goodspeed v. State*, 187 S.W.3d at 392. Even under a highly deferential review of the defense counsel's actions, the performance fell below an objective standard of reasonableness. *Bone v. State*, 77 S.W.3d at 833; *Tong v. State*, 25 S.W.3d 707, 712 (Tex. Crim. App. 2000).

Moving on to the second prong of the *Strickland* test, a review of the record based on the trial counsel's inaction therefore shows that, but for this failure to act, a probability exists that the result of the proceeding would be different. *Strickland v. Washington*, 466 U.S. at 684; *Jaynes v. State*, 216 S.W.3d 839, 851 (Tex. App. – Corpus Christi 2006, no pet.). It is reasonable to believe that, given the participation of Appellant in the offense for which he was convicted as compared to his co-defendants, his strategy for defending himself at punishment would vary greatly with that of his co-defendants.

In fact, while testifying on his own behalf at punishment, Appellant made it clear how his role differed from that of his co-defendants:

> MR. RICHARDS: In what respect is he [Mr. Burns] the reason that you got into this situation in the first place?
>
> MR. WHITE: Because he was the – the main party, I would say.

MR. RICHARDS: Well then, that gets back to what I was originally asking you. As far as who was the leader and who were the follower, you're now saying he was – he was the leader. He's the one that thought this up?

MR. WHITE: Yes, sir.

R. III-199-200.

In sum, a review of the record in this case shows that each co-defendant had an entirely different level of involvement in the cases for which Appellant pled guilty and, at a minimum, trial counsel should have made a motion that each co-defendant's punishments hearings should be severed. A review of the record based on the inactions of trial counsel therefore shows that, but for his ineffectiveness, a probability does exist that the result of this proceeding would be different. *Goodspeed v. State*, 187 S.W.3d at 392; *Strickland v. Washington*, 466 U.S. at 684; *Jaynes v. State*, 216 S.W.3d at 851. For these reasons, the Court should grant review on this issue.

**b. Failure to request that the trial court judge be recused**

The Court of Appeals further held that competent counsel could have reasonably credited and relied on the trial judge's representation that her association with the complaining witness was limited and that her sentencing decision would not be impacted by that association. Therefore, trial counsel's

9

unexplained decision to not inquire further about the association was not so outrageous that no competent attorney would have made the same decision.

Prior to the punishment proceedings, the trial Court informed all parties involved that she was acquainted with one of the complaining witnesses in the cases over which she was about to preside. However, after receiving this information, counsel for Appellant failed to inquire further whether this could possibly impact the rights of Appellant by going further at this hearing. An excerpt of that hearing is as follows:

THE COURT: And as to both attorneys, the Court has also communicated with all parties, I believe it was yesterday, by e-mail, or maybe the day before, that the Court had received information that one of the injured parties who – in a burglary, who would be testifying today, was someone who was known to this Court, to the Judge personally, from church. Not known well or a person with whom the Court has – this Judge has socialized, but I do know this person from church. And both Mr. Richards and Mr. McKinney are aware of that fact and have decided to proceed with that fact known and understood.

MR. MCKINNEY: That is correct.

MR. RICHARDS: Yes, Your Honor.

10

THE COURT:     And the Court will not be taking any personal association or knowledge of a person involved in this case into account to either increase or decrease the sentence, will not have an impact on this Court's decision.

R. III-12.

However, despite the Court's assurances, it is incumbent upon trial counsel to inquire further into this matter given the relationship that a complaining witnesses' testimony can bear on the punishment assessed by the trial Court. As a result, Appellant's trial counsel was constitutionally ineffective and, but for his trial counsel's actions, a reasonable probability existed that the result of the proceeding would have been different. To establish ineffective assistance of counsel, a defendant must show that: (1) his attorney's representation fell below an objective standard of reasonableness; and (2) there is a reasonable probability that, but for his attorney's error, the result of the proceeding would have been different. See *Goodspeed v. State*, 187 S.W.3d 390, 392 (Tex. Crim. App. 2005); *Strickland v. Washington*, 466 U.S. 668, 684, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

A claim of ineffective assistance of counsel must be "firmly founded in the record" and "the record must affirmatively demonstrate" the meritorious nature of the claim. *Goodspeed v. State*, 187 S.W.3d at 392. Direct appeal is usually an

11

inadequate vehicle for raising such a claim because the record is generally underdeveloped. *Id.* This is true with regard to the question of deficient performance in which counsel's conduct is reviewed with great deference, without the distorting effects of hindsight where counsel's reasons for failing to do something do not appear in the record. *Id.*

Trial counsel should ordinarily be afforded with an opportunity to explain his actions before being denounced as ineffective. *Rylander v. State*, 101 S.W.3d 107, 111 (Tex. Crim. App. 2003). Absent such an opportunity, an appellant court should not find deficient performance unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001).

The Sixth Amendment to the United States Constitution guarantees the right to reasonably effective assistance of counsel in criminal prosecutions. U.S. Const. amend. VI; *McMann v. Richardson*, 397 U.S. 759, 777 n. 14, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970). The standard of proof necessary to establish an ineffective assistance of counsel claim is based upon a preponderance of the evidence. *Bone v. State*, 77 S.W.3d 828, 833 (Tex. Crim. App. 2002); *Thompson v. State*, 9 S.W.3d 808, 812 (Tex. Crim. App. 1999). A review of the record indicates that Appellant's trial counsel's failure to inquire of potential jurors as to

this crucial element of the offense fell below the standard as set forth in *Strickland.*

No matter the strength of weakness of the State's case or trial strategy, trial counsel's decision not to pursue a hearing into this matter was devastating on a review of the record in this case. At the very least, counsel should have called the complainant as a witness to inquire of her relationship with the trial Court.

As a result, the first prong of the *Strickland* test, under a preponderance of the evidence test has been met by a review of what appears "firmly within the record." *Goodspeed v. State,* 187 S.W.3d at 392. Even under a highly deferential review of the defense counsel's actions, the performance fell below an objective standard of reasonableness. *Bone v. State,* 77 S.W.3d at 833; *Tong v. State,* 25 S.W.3d 707, 712 (Tex. Crim. App. 2000).

Moving on to the second prong of the *Strickland* test, a review of the record based on the trial counsel's inaction therefore shows that, but for this failure to act, a probability exists that the result of the proceeding would be different. *Strickland v. Washington,* 466 U.S. at 684; *Jaynes v. State,* 216 S.W.3d 839, 851 (Tex. App. – Corpus Christi 2006, no pet.). It is reasonable to believe that, given the Court's familiarity with a key witness for the State and despite assurances to the contrary, it is possible that this previous knowledge by the Court could unfairly prejudice the Appellant.

13

In sum, counsel for Appellant, upon hearing that a relationship existed between the trial Court and a complainant, immediately requested a hearing and called the complainant as a witness to inquire further into this relationship. Counsel for Appellant should have also inquired further from the Court as to the extent and duration of this relationship. A review of the record based on the inactions of trial counsel therefore shows that, but for his ineffectiveness, a probability does exist that the result of this proceeding would be different. U.S. Const., amend VI, *Goodspeed v. State*, 187 S.W.3d at 392; *Strickland v. Washington*, 466 U.S. at 684; *Jaynes v. State*, 216 S.W.3d at 851. For these reasons, the Court should grant review on this issue.

14

## PRAYER FOR RELIEF

Appellant prays that this Court grant Appellant's petition for discretionary review and reverse the Court of Appeals and remand this cause of the appropriate proceedings and remedies offered under the law.

Respectfully submitted,

Barry J. Alford
State Bar No. 00783534
1319 Ballinger Street
Ft. Worth, Texas 76102
Telephone: (817) 335-5229
Facsimile: (817) 335-4944
E-mail: barryalford13@gmail.com

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the foregoing Petition for Discretionary Review was this 17th day of August, 2015 delivered by e-mail to Hon. Debra Windsor, Assistant Criminal District Attorney, counsel for the State, 401 W. Belknap Street, Tim Curry Justice Center, Fort Worth, Texas 76196.

Barry J. Alford
Attorney for Appellant

## CERTIFICATE OF TYPEFACE AND WORD COUNT COMPLIANCE

This document complies with the typeface requirements of Tex. R. App. Proc. 9.4(e) because it has been prepared in a conventional typeface no smaller than 14 point for text and 12 point for footnotes. This document also complies with the word count limitations of Tex. R. App. Proc. 9.4(i), if applicable, because it contains 2,054 words, excluding any parts exempted by Tex. R. App. Proc. 9.4(i)(1).

Barry J. Alford
Attorney for Appellant

16

**EXHIBIT A**



# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 02-14-00320-CR
## NO. 02-14-00321-CR
## NO. 02-14-00322-CR
## NO. 02-14-00323-CR

ERIK WHITE                                                  APPELLANT

V.

THE STATE OF TEXAS                                          STATE

----------

FROM THE 371ST DISTRICT COURT OF TARRANT COUNTY
TRIAL COURT NOS. 1316391D, 1330277D, 1330414D, 1331423D

----------

## MEMORANDUM OPINION[1]

----------

Appellant Erik White appeals his convictions for two counts of burglary and two counts of aggravated robbery. In two points, he contends that his trial counsel was ineffective for failing to request a severance of his trial from his codefendant's trial and for failing to further inquire about the trial judge's

---

[1]See Tex. R. App. P. 47.4.

relationship with a complaining witness after the judge disclosed the relationship. We affirm.

## Background Facts

One afternoon in June 2013, appellant entered a retired woman's home in Fort Worth and pointed a gun at her.[2] After putting his gun away, he took a laptop and camera from the kitchen area of the home. Appellant, who appeared to be nervous, asked the woman for jewelry, and she went with him to a bedroom that contained some costume jewelry. She asked appellant to not hurt her, and he said that he would not. Appellant walked out of the house with the laptop and camera, and the woman locked the door behind him.

Two days later, appellant and two other men, who were all wearing gloves and masks, went to the house of another elderly woman. The men confronted the woman in her garage, knocked her down, dragged her into her house, taped her legs together, and told her to "shut up." After the police received a dispatch and arrived at the woman's residence, her neighbor said that he had seen a male enter her home. An officer approached the garage of the house and heard glass breaking; he informed other officers of a possible burglary in progress. Another neighbor alerted the officer that she had seen two men running through a field

---

[2]James Burns, one of appellant's acquaintances, drove him to and from the home and monitored the woman's husband, who was working in the front yard.

2

near the house. After a lengthy chase, the officer apprehended and detained appellant.

Another officer entered the house and found the woman lying face down on the floor; she was upset and had blood in her hair and duct tape wrapped around her legs. The police discovered that all of the bedrooms in the house had been rummaged through; the burglars had pulled items out of shelves and closets, had moved electronic devices, had opened dresser drawers, and had scattered "little boxes of stuff" in the house.

Stemming from these incidents, in separate cases, appellant was indicted for two counts of burglary and two counts of aggravated robbery. With respect to all of these charges, appellant retained counsel, waived constitutional and statutory rights, judicially confessed, and entered open guilty pleas. The trial court ordered the preparation of a presentence investigation report and set a date for a punishment hearing. In one punishment hearing, the trial court considered appellant's punishment along with the punishment of a codefendant, Dvonte Chadwick.

Chadwick testified that he had been involved in the second incident but denied that he had ever touched the victim. He said that the victim had received her injury when her head hit the corner of a wall. Appellant testified that he had "learned from the wrong[s] that [he had] done," but he said that he did not remember any details of the second offense, including who had dragged the victim into her house, because he had been under the influence of drugs that

3

day. Regarding the second offense, he testified that he was not the "main party" committing the crime. Appellant testified that he had used a BB gun during the first incident (while wanting the victim to believe that the gun was real) and that he had stolen only a laptop and a camera that day. He also acknowledged that he had been involved in numerous other burglaries and thefts. Appellant asked the trial court to place him on probation.

After hearing the parties' evidence (including testimony from appellant's mother and uncle) and arguments, the trial court found appellant guilty of all four offenses and sentenced him to twenty years' confinement on the burglary charges and confinement for life on the aggravated robbery charges, with the sentences running concurrently.[3] Appellant brought these appeals.

## Alleged Ineffective Assistance

In his two points, appellant contends that his trial counsel provided ineffective assistance. The Sixth Amendment guarantees the right to reasonably effective assistance of counsel for defendants in criminal prosecutions. *See* U.S. Const. amend. VI; *Ex parte Bryant*, 448 S.W.3d 29, 39 (Tex. Crim. App. 2014). To establish ineffective assistance of counsel, appellant must show by a preponderance of the evidence that his counsel's representation was deficient and that the deficiency prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 2064 (1984); *Nava v. State*, 415 S.W.3d

---

[3]The court convicted Chadwick of aggravated robbery and sentenced him to thirty years' confinement.

289, 307 (Tex. Crim. App. 2013); *Hernandez v. State*, 988 S.W.2d 770, 770 (Tex. Crim. App. 1999). An ineffective-assistance claim must be "firmly founded in the record," and "the record must affirmatively demonstrate" the meritorious nature of the claim. *Thompson v. State*, 9 S.W.3d 808, 813 (Tex. Crim. App. 1999).

Direct appeal is usually an inadequate vehicle for raising an ineffective-assistance-of-counsel claim because the record is generally undeveloped. *Menefield v. State*, 363 S.W.3d 591, 592–93 (Tex. Crim. App. 2012); *Thompson*, 9 S.W.3d at 813–14. In evaluating the effectiveness of counsel under the deficient-performance prong, we look to the totality of the representation and the particular circumstances of each case. *Thompson*, 9 S.W.3d at 813. The issue is whether counsel's assistance was reasonable under all the circumstances and prevailing professional norms at the time of the alleged error. *See Strickland*, 466 U.S. at 688–89, 104 S. Ct. at 2065; *Nava*, 415 S.W.3d at 307. Review of counsel's representation is highly deferential, and the reviewing court indulges a strong presumption that counsel's conduct was not deficient. *Nava*, 415 S.W.3d at 307–08.

It is not appropriate for an appellate court to simply infer ineffective assistance based upon unclear portions of the record or when counsel's reasons for failing to do something do not appear in the record. *Menefield*, 363 S.W.3d at 593; *Mata v. State*, 226 S.W.3d 425, 432 (Tex. Crim. App. 2007). Trial counsel "should ordinarily be afforded an opportunity to explain his actions before being denounced as ineffective." *Menefield*, 363 S.W.3d at 593. If trial counsel is not

5

given that opportunity, we should not conclude that counsel's performance was deficient unless the challenged conduct was "so outrageous that no competent attorney would have engaged in it." *Nava*, 415 S.W.3d at 308.

In his first point, appellant contends that his trial counsel was ineffective because he failed to request a severance of appellant's punishment trial from Chadwick's punishment trial. Before the trial court began receiving testimony at the punishment hearing, Chadwick's attorney and the trial court had the following colloquy:

> [CHADWICK'S COUNSEL]: [A]s many years as I've been doing this, I have not proceeded in this manner. Why are we having this kind of a joint hearing?
>
> THE COURT: It's my understanding that because we have ... an overlap in testimony and because the Court is hearing this, the Court will be considering the testimony that is [duplicative] as to each Defendant, as to that person and their involvement, and then will be considering separately the testimony that has to do with either one Defendant or the other separately, because we have witnesses who are common to both cases, in the interest of judicial efficiency.
>
> [CHADWICK'S COUNSEL]: Okay. . . .
>
> . . . .
>
> THE COURT: Is that satisfactory to the Defense?
>
> [CHADWICK'S COUNSEL]: That is.

Similarly, later in the hearing, when the State offered an exhibit relating to DNA evidence for admission,[4] the following exchange occurred:

---

[4]The State later withdrew the offer.

[CHADWICK'S COUNSEL]: [T]hat's kind of why I didn't want a joint hearing in here, and I'll make that quite clear later on. There's some quite different things about what my client did or didn't do and what [appellant] did or didn't do. I'm not here to comment on what he did or didn't do, but, anyway, thank you.

THE COURT: And nobody's forcing anyone to participate in the joint hearing. I didn't hear any objection, and that's the way that we have proceeded. Do you have an objection?

[CHADWICK'S COUNSEL]: No, I want to continue on, and I think we can proceed and handle this in a fair fashion.

Appellant's counsel never objected or expressed disagreement with the joint hearing.

On appeal, appellant recognizes that a trial court has discretion to conduct a joint trial of codefendants when their alleged crimes arise out of the same transaction. *See* Tex. Code Crim. Proc. Ann. art. 36.09 (West 2007). Nonetheless, he argues that in this case, it was "incumbent upon trial counsel to request . . . a severance prior to trial in order to protect [appellant's] rights." He asserts that the "facts pertaining to his participation in the offenses . . . differ[ed] from the participation of his [codefendant] and, therefore, [a]ppellant was prejudiced by the trial [c]ourt hearing evidence regarding the [codefendant's] participation and subsequently deciding [a]ppellant's punishment."[5]

---

[5]This contention appears in the argument-summary portion of appellant's brief. In the argument itself, appellant asserts that his participation in the offenses differed from others' participation, and he highlights his own testimony about how Burns was the "main party" in the crimes. We note, however, that appellant's punishment was considered jointly with Chadwick's punishment, not Burns's punishment, which had been already determined. Appellant's argument does not establish that Chadwick had a significantly greater or different role in

7

Appellant's trial counsel's reason for not objecting to the joint hearing does not appear in the record.[6] The record does not show that Chadwick had any prior admissible convictions[7] or that Chadwick's strategy was antagonistic to appellant. In fact, both appellant and Chadwick portrayed themselves as followers of another perpetrator, and Chadwick confirmed appellant's testimony that appellant was under the influence of drugs while committing the offense. Thus, we conclude from this record that is silent concerning counsel's trial strategy that we cannot infer ineffective assistance; counsel's failure to object or request a severance was not so outrageous that no competent attorney would have engaged in it. *See Nava*, 415 S.W.3d at 308 ("It is a rare case in which the trial record will by itself be sufficient to demonstrate an ineffective-assistance claim."); *Menefield*, 363 S.W.3d at 593; *Woods v. State*, 998 S.W.2d 633, 636 (Tex. App.—Houston [1st Dist.] 1999, pet. ref'd) (holding that when the record was silent concerning trial counsel's reasons for not asking for a severance, the appellant could not rebut "the presumption that [counsel's] failure to request a severance was a decision made in the exercise of reasonable professional judgment"); *see also Cruz v. State*, No. 01-11-00150-CR, 2012 WL 1753007, at

---

the second burglary (the only one of these two incidents that Chadwick participated in) than appellant, nor does the argument particularly demonstrate how joining Chadwick's trial with his own prejudiced him.

[6]Appellant filed a motion for new trial in each case, but in the motion, he did not contend that his trial counsel had provided ineffective assistance.

[7]Chadwick testified that he did not have any criminal history.

*4 (Tex. App.—Houston [1st Dist.] May 17, 2012, no pet.) (mem. op., not designated for publication) ("Because the record does not offer an explanation for [failing to seek a severance], we presume that trial counsel made all significant decisions in the exercise of reasonable professional judgment."). We hold that appellant cannot meet his burden to establish ineffective assistance of his trial counsel for not requesting a severance, and we overrule his first point. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Nava*, 415 S.W.3d at 307.

In his second point, appellant contends that his trial counsel was ineffective for failing to inquire further about the trial judge's association with a complaining witness after the judge first disclosed the association. After appellant had pled guilty to these four offenses, toward the beginning of the hearing on his punishment, the following exchange occurred:

> THE COURT: And as to both attorneys, the Court has also communicated with all parties, I believe it was yesterday, by e-mail, or maybe the day before, that the Court had received information that one of the injured parties who -- in a burglary, who would be testifying today, was someone who was known to this Court, to the Judge personally, from church. Not known well or a person with whom the Court has -- this Judge has socialized, but I do know this person from church. And both [defendants' attorneys] are aware of that fact and have decided to proceed with that fact known and understood.
>
> [CHADWICK'S COUNSEL]: That is correct.
>
> [DEFENSE COUNSEL]: Yes, Your Honor.
>
> THE COURT: And the Court will not be taking any personal association or knowledge of a person involved in this case into account to either increase or decrease the sentence[; the association] will not have an impact on this Court's decision.

9

Appellant contends on appeal that "despite the [trial court's] assurances, it [was] incumbent upon trial counsel to inquire further into this matter given the relationship that a complaining [witness's] testimony can bear on the punishment assessed." He argues that at the "very least, counsel should have called the complainant as a witness to inquire of her relationship" with the trial judge.

Trial counsel has not been given an opportunity to explain his reasoning for proceeding with the trial without further clarification of the association between the judge and the complaining witness. We conclude that competent counsel could have reasonably credited and relied on the trial judge's representations that her association with the complaining witness was limited and that her sentencing decision would not be impacted by the association. Because we conclude that counsel's unexplained decision to not inquire further about the association was not so outrageous that no competent attorney would have made the same decision, we must conclude that appellant cannot meet his burden to establish ineffective assistance of counsel. *See Strickland*, 466 U.S. at 687, 104 S. Ct. at 2064; *Nava*, 415 S.W.3d at 307; *Menefield*, 363 S.W.3d at 593; *see also Freeman v. State*, 125 S.W.3d 505, 506–07 (Tex. Crim. App. 2003) (holding that an appellant could not succeed on a claim of ineffective assistance of counsel when the trial record did not disclose counsel's reasons for not filing a motion to recuse after a judge made comments that may have demonstrated the judge's bias); *Diaz v. State*, 380 S.W.3d 309, 312 (Tex. App.—Fort Worth 2012, pet. ref'd) ("A record that is silent as to defense counsel's trial strategy and provides

no explanation of counsel's actions generally will not overcome the strong presumption of reasonable assistance."). We overrule appellant's second point.[8]

## Conclusion

Having overruled both of appellant's points, we affirm the trial court's judgments.

/s/ Charles Bleil

CHARLES BLEIL
JUSTICE

PANEL:   GARDNER and SUDDERTH, JJ.; and CHARLES BLEIL (Senior Justice, Retired, Sitting by Assignment).

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)

DELIVERED: July 30, 2015

---

[8]Concerning both points, because we hold that the record is insufficient to establish that appellant's trial counsel provided deficient representation, we need not examine whether counsel's representation prejudiced appellant. *See Garcia v. State*, 57 S.W.3d 436, 440 (Tex. Crim. App. 2001) ("[A]n appellant's failure to satisfy one prong of the *Strickland* test negates a court's need to consider the other prong."), *cert. denied*, 537 U.S. 1195 (2003).

11